IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| MARTIN D. ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 06-53-HO |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff brings this proceeding pursuant to section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of the Commissioner's final decision denying plaintiff's application for disability insurance benefits and supplemental security income. Plaintiff asserts disability beginning October 19, 2000, due to diabetes, pancreatitis, reconstructive ACL of the knees, high blood pressure, and kidney problems . After a hearing, an administrative law judge (ALJ) determined that plaintiff

1 - ORDER

is not disabled.

Plaintiff contends the ALJ erred in: (1) failing to allow questioning of the vocational expert about plaintiff's irritability; (2) rejecting the opinion of plaintiff's treating physician; (3) rejecting plaintiff's testimony; (4) ignoring the mandatory requirements of SSR 96-8P; (5) rejecting lay witness testimony; (6) finding plaintiff capable of performing other work based on a defective hypothetical; (7) relying on vocational expert testimony that lacked foundation; and (8) ignoring documentation about the lack of data for the numbers of jobs at the national and regional levels.

In this case the ALJ discussed plaintiff's credibility and the credibility of plaintiff's treating physician in general terms, but failed to provide a thorough and detailed analysis. The ALJ did not explain why he chose to disregard an early ultimate opinion of disability by the treating physician and did not provide the detailed analysis required in rejecting a later opinion regarding plaintiff's capacities. In addition, the ALJ failed to detail which portions of claimant's testimony he accepted and which portions he rejected.

Plaintiff's treating physician, Dr. Lyle Fagnan, opined on July 2, 2002, that plaintiff is disabled. Tr. 511. While the ultimate opinion of disability is reserved to the Commissioner, the ALJ failed to address this opinion.

In his opinion of February 20, 2003, Dr. Fagnan made clinical findings of diabetes under poor control and opined that plaintiff:

2 - ORDER

frequently has symptoms severe enough to interfere with attention and concentration; has poor vision and diabetic neuropathy; has health problems that would be made worse if the claimant was working full-time; can walk less than two blocks without severe pain; can continuously sit for 30 minutes and stand for 10 minutes; can stand/walk for less than 2 hours a workday and sit for about 4 hours a workday; requires the need to shift positions and walk at will; will need to take unscheduled breaks two to three times a workday; can occasionally lift less than 10 pounds and rarely lift 20 pounds; has significant limitations in repetitive reaching, handling, or fingering; has limitations in the ability to bend, stoop, or crouch; must avoid even moderate exposure to extreme cold and heat, high humidity, chemicals, solvents, soldering fluxes, cigarette smoke, perfumes, and other irritants and allergens; and is likely to be absent from work more than four times a month. Tr. 608-12. Dr. Fagnan further opined that plaintiff has been unable to work since November 3, 2000. Tr. 613. The ALJ rejected this opinion stating:

> Dr. Fagnan ... has cited no specific medical findings. In fact, these conclusions were, apparently, based solely on the claimant's allegations. At the hearing, the claimant testified that Dr. Fagnan did not perform any tests in reaching these conclusions and, instead, simply wrote down what the claimant said.
>
> Furthermore, Dr. Fagnan's assessment of the claimant's RFC is inconsistent with the claimant's own statements. Dr. Fagnan stated that claimant was only able to sit for 30 minutes at a time, but the claimant testified that he could sit for 1 to 2 hours before he began "to twitch." Dr. Fagnan stated that claimant could only stand for 1 hour, but the claimant testified that he could stand for 1

3 - ORDER

>hour.[1]  The doctor stated that he could walk for only two blocks without severe pain, but the claimant testified that he could walk for up to one mile before he had severe pain.
>
>In Dr. Fagnan's completion of the form, he listed "poor vision" and "diabetic neuropathy."  However, as noted earlier, in this decision, there is no evidence of poor vision, other than myopia.  The claimant's report that he needs corrective lenses does not establish diabetic retinopathy.  As for the alleged neuropathy, Dr. Fagnan cited no tests to confirm its existence.  Perhaps the greatest inconsistency is Dr. Fagnan's conclusion that the claimant is appropriate for vocational rehabilitation, yet also declares that the claimant has been continuously unable to work since November 3, 2000.

Tr. 25.

While at the hearing plaintiff stated that Dr. Fagnan based his opinion on subjective complaints, Dr. Fagnan himself noted clinical findings of diabetes under poor control and thus the record does not support a conclusion that the opinion is based solely on subjective complaints.  However, if the record supports rejecting plaintiff's subjective complaints, this would provide a specific and legitimate reasons for rejecting Dr. Fagnan's opinion.  But, as discussed below, the ALJ failed to properly discredit all of plaintiff's subjective complaints or to identify which complaints were lacking.

Dr. Fagnan's RFC findings are not inconsistent with plaintiff's own statements.  Plaintiff stated that he could sit "if pushing it, one to two hours before I'd have to start twitching around and moving and changing.  Talking about a work situation ... it's less.  Maybe a half hour."  Tr. 650.  Plaintiff stated that on a good day he could

---

[1]Dr. Fagnan stated plaintiff could only stand for 10 minutes.

4 - ORDER

be on his feet doing things for about half an hour (but looking for something to hang onto), but on a bad day he could be on his feet for only 10 minutes at one time. Plaintiff stated that two to six blocks would be a long way for him to walk without stopping to rest and that six would really be pushing it. Tr 633. Plaintiff also stated that his feet swell when he has to use them for a long distance of one mile. Tr. 646. These statements that the ALJ relied on are not inconsistent with Dr. Fagnan's RFC opinion.

The ALJ's concerns about the lack of record evidence to support Dr. Fagnan's assessment of poor vision and diabetic neuropathy does not provide a specific and legitimate reason for discounting the opinion. The ALJ did note the record supported myopia. As to the ALJ's concern about neuropathy, the ALJ has a duty to develop the record and could have contacted the doctor for the basis of the opinion. Moreover, the ALJ's reliance on Dr. Fagnan's suggestion that plaintiff is appropriate for vocational rehabilitation is an improper basis for rejecting a disability opinion. See Cox v. Califano, 587 F.2d 988, 991 (9th Cir. 1978) (A willingness to try to engage in rehabilitative activity and a release by one's doctor to engage in such an attempt is not probative of an ability to engage work activity).

Thus, the ALJ's conclusion that Dr. Fagnan's reliance on plaintiff's subjective complaints can provide the only specific and legitimate reason for rejecting the opinion. The ALJ found plaintiff

5 - ORDER

to lack credibility because of a lack of objective medical evidence and because of Dr. Fagnan's release for vocational rehabilitation. Tr. 26. The ALJ's reliance on lack of objective medical evidence fails to account for the subjective nature of pain and as noted above, the recommendation of vocational rehabilitation is not indicative of an ability to work.

The ALJ also found plaintiff's credibility damaged by his failure in 1996 to admit recent alcohol consumption. Tr. 26. While the record demonstrates plaintiff's problems with alcoholism, it also shows that plaintiff has been sober since November 2002 and the incident in 1996 does not demonstrate how plaintiff's testimony in 2003 lacks credibility. Moreover, the ALJ faults plaintiff for failing to enter a treatment program for alcoholism to better control his diabetes despite acknowledging he is now sober. Tr. 26. In addition, plaintiff testified that he investigated treatment, but the program required him to work as a laborer. Tr. 654-55.

The ALJ failed to provide clear and convincing reasons for rejecting plaintiff's credibility. Where the ALJ improperly rejects a claimant's symptom testimony, and that testimony establishes disability, that testimony is credited as a matter of law. Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995).

## CONCLUSION

6 - ORDER

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner is reversed and the case remanded for an award of benefits.

DATED this   21st   day of  November  , 2006.

                                         s/ Michael R. Hogan
                                    UNITED STATES DISTRICT JUDGE

7 - ORDER